```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

---

UNITED STATES OF AMERICA,

    Plaintiff,

vs.       No. 02-20170-B

PRENTISS R. BOWIE,

    Defendant.

---

ORDER DENYING MOTION TO PRESERVE SENTENCING ISSUES

---

On December 30, 2005, Defendant Prentiss R. Bowie, Bureau of Prisons inmate registration number 18381-076, an inmate at the United States Penitentiary in Terre Haute, Indiana, filed a motion in his closed criminal case, entitled "Motion for Judicial Notice to Preserve Sentencing Issues Under Booker, Shepard and Leocal Supreme Court Cases Recent[ly] Ruled On," which seeks to preserve his right to file a timely motion pursuant to 28 U.S.C. § 2255, in light of Dodd v. United States, 545 U.S. 353 (2005), in the event the Supreme Court declares its decisions in United States v. Booker, 543 U.S. 220 (2005); Shepard v. United States, 544 U.S. 13 (2005), and Leocal v. Ashcroft, 543 U.S. 1 (2004), to be retroactive.

On May 14, 2002, a federal grand jury returned a two-count indictment. The first count charged Bowie, a convicted felon, with possession of a firearm, in violation of 18 U.S.C. § 922(g).

The second count charged Bowie with possession of ammunition, in violation of 18 U.S.C. § 922(g). The case was scheduled for trial on April 7, 2003. However, pursuant to a written plea agreement, Bowie appeared before this judge on April 7, 2003 to plead guilty to count one of the indictment. Paragraph 5 of the Plea Agreement provided as follows:

> 5. The United States agrees not to seek an upward departure and to recommend the low end of the applicable guideline range or a term of imprisonment of fifteen years, whichever is **HIGHER**. This recommendation is based upon the shared belief of the undersigned parties that PRENTISS BOWIE will be found to be an Armed Career Criminal, with a statutory maximum sentence of fifteen years. (Emphasis in original.)

The Court conducted a sentencing hearing on July 24, 2003, at which time Bowie was sentenced to one hundred fifteen (115) months imprisonment, to be followed by a two-year period of supervised release. Judgment was entered on July 25, 2003. Bowie did not take a direct appeal, and he did not file a motion pursuant to 28 U.S.C. § 2255 within one year of the date on which his conviction became final.

In his December 30, 2005 motion, Bowie acknowledges that, under current court decisions, the decision in Booker is not retroactive. However, he asserts that the filing of a criminal motion will preserve his right to file another timely § 2255 motion in the event Booker is later made retroactive. Bowie relies on Dodd v. United States, 545 U.S. 353, 357-59 (2005), which held that the

one-year limitations period applicable to § 2255 motions commences to run on the date on which the Supreme Court "initially recognized" the right asserted in the motion, rather than the date on which the right is "made retroactiv[e]." Dodd did not encourage prisoners to file motions in their criminal cases preserving their rights to file successive § 2255 motions. Moreover, pursuant to Castro v. United States, 540 U.S. 375 (2003); Martin v. Perez, 319 F.3d 799, 805 (6th Cir. 2003); and In re Shelton, 295 F.3d 620, 622 (6th Cir. 2002), it would be inappropriate for the Court, at any subsequent date, to construe this motion as a § 2255 motion. Accordingly, Defendant's motion to preserve sentencing issues is DENIED.

As no reasonable jurist could disagree that this Court is without jurisdiction to grant the relief sought by Defendant, it is CERTIFIED, pursuant to Fed. R. App. 24(a) that any appeal in this matter by Defendant, proceeding in forma pauperis, is not taken in good faith.

IT IS SO ORDERED this 12th day of December, 2006.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE